IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Jenkins,<br><br>         Petitioner,<br><br>v.<br><br>Warden, Allendale Correctional Institution,<br><br><br>         Respondent. | C/A No. 2:23-cv-4993-SAL<br><br><br><br>**ORDER** |

  Tyrone Jenkins ("Petitioner"), a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF Nos. 1, 7-1.] This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 32.] The Report recommends the court grant Respondent's motion for summary judgment, ECF No. 21. For the reasons below, the court adopts the Report in full.

## BACKGROUND

  The relevant background and procedural history are included in the Report. But briefly, in September 2013, Petitioner was convicted of first-degree burglary, attempted murder, and possession of a weapon during a violent crime. [ECF No. 32 at 1–3.] He was sentenced to life without parole for burglary and attempted murder, along with five years' imprisonment for the weapons charge. *Id.* at 3.

  He filed a direct appeal, which was unsuccessful. *Id.*

  Petitioner then filed a post-conviction relief ("PCR") application, which was denied after an evidentiary hearing. *Id.* at 4. His appeal of that denial was rejected by the state appellate court in May 2022, with remittitur issued in June 2022. *Id.*

1

On October 5, 2023, Petitioner initiated this federal habeas action. [ECF No. 1.] In March 2024, Respondent moved for summary judgment. [ECF No. 21.] The parties fully briefed the motion, *see* ECF Nos. 30, 31, and the magistrate judge issued her Report recommending that summary judgment be granted and that the case dismissed with prejudice, ECF No. 32. Petitioner was advised of his right to file objections and the serious consequences of failing to do so. [ECF No. 32 at 27.]

Petitioner requested two extensions to file objections. *See* ECF No. 34, 37. This court first granted a one-month extension, *see* ECF No. 35, and later granted a 14-day extension—making his current deadline to file objections March 25, 2025. To date, Petitioner has not filed any objections.

**LEGAL STANDARDS**

**I.        Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

**II.     Review of a Motion for Summary Judgment**

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving he is entitled to summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a material fact is genuinely disputed. In determining whether of a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Review of a Petition for Writ of Habeas Corpus**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court cannot grant an application for a writ of habeas corpus with respect to any claim adjudicated on

the merits in a state court proceeding unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The AEDPA standard of review is "highly deferential" to the state court. *Davis v. Ayala*, 576 U.S. 257, 269 (2015). To obtain relief, "a state prisoner must show that the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Moreover, the state court's factual findings are presumed to be correct, and the petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

As outlined above, where the court has received no specific objections from Petitioner, the court, once reviewing the Report for clear error, need not provide any explanation for adopting the Report. Nevertheless, the court finds it appropriate to address the magistrate judge's recommendation that this case be dismissed as time barred.

Petitioners seeking habeas under § 2254 have one year from the date a conviction becomes final to seek federal habeas relief under 28 U.S.C. § 2244(d). The limitations period is tolled while a "properly filed" PCR application is pending. § 2244(d)(2). Here, there is no dispute that Petitioner's PCR application was filed before his conviction became final, meaning no time lapsed before tolling began. [ECF No. 32 at 10.]

The Report explains that, at the latest, the statute of limitations remained tolled until June 17, 2022, and it began to run again on June 18, 2022. *See id.* at 10–11 n.5. But Petitioner did not

4

file his § 2254 petition until October 5, 2023[1]—well past the statute of limitations date of June 18, 2023.

Petitioner failed to acknowledge the time bar in his petition, arguing instead that his constitutional rights were violated. [ECF No. 1 at 13.] In response to Respondent's assertion that the petition was time barred, Petitioner simply maintained that it was timely filed. [ECF No. 30 at 1.] He did not argue equitable tolling.

Based on the record before the court, there is no basis for equitable tolling of the statute of limitations, and the instant § 2254 is time barred. Accordingly, the court adopts the magistrate judge's recommendation and dismisses this case as untimely. *See* ECF No. 32 at 12.

---

[1] Under *Houston v. Lack*, 487 U.S. 266 (1988), the date of filing is the date on which a document is placed in the prison mail system. The prison mailroom stamp faintly appears on the envelope the court received from Petitioner. It reads: "2023OCT-5 AM 11:10." But even the petition itself is dated September 29, 2023, which is beyond the statute of limitations.

**CONCLUSION**

While Petitioner has not filed any specific objections to the Report, having reviewed the Report, the court hereby adopts the Report and Recommendation, ECF No. 32, as set forth above. Respondent's motion for summary judgment, ECF No. 21, is **GRANTED**, and the petition, ECF No. 1, is **DISMISSED** with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

March 31, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."